IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALEXANDER KOTLOV,

         Petitioner,

 v.

L. WILLIAMS,

         Respondent.

OPINION & ORDER

15-cv-671-jdp

---

In this petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, Alexander Kotlov is proceeding on a claim that he is entitled to sentence credit because "the United States Marshals Service did not take him into federal custody to begin serving his federal sentence when they should have." Dkt. 10, at 1. The petition is now fully briefed and ready for a decision on the merits. I will deny the petition because Kotlov has not shown that he is in custody in violation of federal law.

BACKGROUND

The relevant facts are not disputed.[1] Kotlov's claim arises out of four convictions that Kotlov received from three different sovereigns. In 2003, he was convicted of sexual assault in Wisconsin state court. One of the consequences of that conviction was a requirement to wear a GPS monitoring bracelet and register as a sex offender. In January 2012, Kotlov was sentenced to probation for multiple misdemeanor convictions. Dkt. 19-2. In 2012, Kotlov cut off his bracelet and went to Texas, where he was arrested and charged in state court with

---

[1] Kotlov objects to some of the government's factual summary, but the facts in dispute are not material, so I have not included those facts in the opinion.

evading arrest after a car chase. He was also charged in Texas federal court with failing to register as a sex offender.

In May 2012, Texas released Kotlov to federal officials pursuant to a writ of habeas corpus ad prosequendum so that he could face his federal charge. In October 2012, Kotlov was convicted on the federal charge, receiving a three-year prison sentence, followed by a five-year term of supervised release. The judgment states that "[t]he defendant is hereby committed to the custody of the United States Bureau of Prisons" and that "[t]he defendant shall remain in custody pending service of sentence." After sentencing, Kotlov was returned to Texas custody, and the federal judgment was entered as a detainer. The following month, Kotlov was convicted on the Texas state charge.

In February 2013, Wisconsin state officials filed a detainer with Texas on the ground that Kotlov had violated his probation when he went to Texas. In February 2014, Texas released Kotlov from confinement and then extradited him to Wisconsin. In September 2014, Wisconsin released Kotlov from custody. In October 2014, the United States Marshals Service arrested Kotlov pursuant to his federal detainer.

ANALYSIS

A threshold question is whether Kotlov's claim is moot because it appears that Kotlov was released from federal prison after he filed his petition. *Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012) ("[O]nce a convict's sentence ends, some concrete and continuing injury other than the now-ended incarceration or parole some collateral consequence of the conviction must exist to justify the continued maintenance of the action.") (internal quotations omitted). I conclude that the petition is not moot. Kotlov alleges that he is still under federal supervision

2

and he is asking the court to shorten that supervision. Dkt. 37. The government has not cited any contrary evidence or contended that Kotlov could not obtain that relief if he is successful on his petition, so I will assume that he can. *Hanson v. Beth*, 738 F.3d 158, 161 n.1 (7th Cir. 2013) (government has burden to show mootness if prisoner is released from prison after he files habeas petition).

I turn to the merits of Kotlov's claim. Kotlov is not contending that federal officials lengthened his federal sentence, that either Texas or Wisconsin did not give him appropriate credit for the time he was in state custody, or that any court ordered the sentence at issue to run concurrently with any other sentence. Rather, his claim is essentially that he had a right to serve his sentences in a particular order and that a violation of that right means he is entitled to sentence credit for every day he was serving the "wrong" sentence, even though there were no errors in calculating any of his sentences.

Kotlov's basic contention is that federal officials "should have" taken him into custody as soon as he was finished serving his sentence in Texas in February 2014, but the claim he raises in his briefs is somewhat different from the claim he raised in his petition. In his petition, he said that the United States Marshals Service should have taken him into custody in accordance with an unspecified "policy." In his briefs, he raises an argument that he did not include in his petition or administrative grievances. In particular, he says that the language in the judgment for his federal conviction shows that "the court intended [his] federal sentence to begin as soon as it could," which he says was the date Texas released him. Dkt. 20.

I need not decide whether Kotlov should be permitted to change the scope of his claim because his federal judgment of conviction does not include language that would have required federal officials to take custody of him before he served his Wisconsin sentence. Other courts

3

have noted that the language "is hereby committed" in a judgment is merely boilerplate and does not mean that a prisoner must serve his federal sentence immediately or before any another sentence that is imposed later. *Thomas v. Whalen*, 962 F.2d 358, 362 (4th Cir. 1992); *Larios v. Madigan*, 299 F.2d 98, 99 (9th Cir. 1962).

In the absence of language in the judgment that would have required his federal sentence to begin on a particular date, Kotlov's petition cannot succeed. First, Kotlov acknowledges the general rule under 18 U.S.C. § 3585(a), which is that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody." He does not allege that federal officials failed to give him credit for every day he was in federal custody. Instead, he cites 18 U.S.C. § 3585(b) for the proposition that he is "entitled to credit for times physically in correctional facilities," Dkt. 20, at 1, by which I assume he means that he is entitled to credit for the time he was incarcerated in Wisconsin. But § 3585(b) authorizes federal credit for detention only when the prisoner did not receive "credit[] against another sentence." Because Kotlov does not allege that Texas or Wisconsin failed to give him credit for the time he served in their custody, he cannot rely on § 3585(b) to get federal sentence credit for time he served on his state sentences. *Manuel v. Terris*, 803 F.3d 826, 828 (7th Cir. 2015).

Second, in the absence of a federal court order directing Kotlov's federal sentence to be served at a particular time, there is no legal support for Kotlov's contention that he had a right to serve his federal sentence before his Wisconsin sentence. The Seventh Circuit has repeatedly rejected the view that a prisoner has a free-standing right to serve his sentences in a particular order:

> [D]etermining whether the federal or state government has prior jurisdiction over the person of an accused rests on principles of comity between the two sovereigns. This ruling has been followed by all federal courts addressing the issue. *See Causey v. Civiletti*,

> 621 F.2d 691 (5th Cir.1980); *United States v. Warren,* 610 F.2d 680 (9th Cir.1980); *United States v. Croft,* 450 F.2d 1094 (6th Cir.1971); *Mitchell v. Boen,* 194 F.2d 405 (10th Cir.1952); *Vanover v. Cox,* 136 F.2d 442 (8th Cir.1943). If there is a dispute over whether an individual should be in custody of either the state or the federal government, that dispute is between the two sovereigns. An individual who has violated the laws of two or more sovereigns may not complain of the order in which he is to serve the various sentences.

*Jeter v. Keohane,* 739 F.2d 257, 257–58 (7th Cir. 1984). *See also Jake v. Herschberger,* 173 F.3d 1059, 1065–66 (7th Cir. 1999) (affirming rule from *Jeter*); *Poland v. Stewart,* 117 F.3d 1094, 1098 (9th Cir. 1997) ("It is the Attorney General's job to exercise the authority of the United States over federal prisoners. If she chooses to leave [an individual] in the custody of the State . . ., neither [the individual] nor this court is in a position to say she lacks the authority under the Constitution to do so.").

Kotlov cites cases from other circuits in which the court held under common law that a federal prisoner was entitled to sentence credit under certain circumstances when federal officials caused a delay or interruption in the service of a federal sentence. *E.g., Clark v. Floyd,* 80 F.3d 371, 374 (9th Cir. 1996); *Smith v. Swope,* 91 F.2d 260, 261 (9th Cir. 1937). He says that those cases apply here because the USMS delayed the beginning of his federal sentence by failing to take him into custody at the end of his Texas sentence.

This argument fails because I have concluded that Kotlov did not have a right to serve his federal sentence before his Wisconsin sentence. But even if I were to agree with Kotlov that the USMS "should have" taken him into custody sooner, his reliance on cases such as *Clark* and *Smith* would be misplaced.

Neither the Supreme Court nor the Court of Appeals for the Seventh Circuit have adopted the rule from *Clark* and *Smith*. The court of appeals has noted it several times, *e.g.*,

5

*Dunne v. Keohane*, 14 F.3d 335, 336 (7th Cir. 1994); *United States v. Melody*, 863 F.2d 499, 504 (7th Cir. 1988), calling it an exercise of a court's "equitable powers," *Jake*, 173 F.3d at 1066, but it has repeatedly declined to decide whether courts actually have the power to reduce a sentence in the absence of statutory authority, noting that some courts have concluded that they do not. *Id.* (citing *Thomas*, 962 F.2d at 363 ("A federal court, whether in law or in equity, has no authority to depart from the clear command of a statute in order to effect a result that it believes to be (or even one that would in fact be) dictated by general principles of fairness.")). *See also Little v. Holder*, 396 F.3d 1319, 1321 (11th Cir. 2005) ("[A] convicted person who has yet to serve any part of her sentence, is not entitled to credit for time spent erroneously at liberty when there is merely a delay in executing her sentence.") (internal quotations omitted); *Leggett v. Fleming*, 380 F.3d 232, 234 (5th Cir. 2004) (declining to follow *Clark* and concluding that "a delay in the commencement of a sentence by itself does not constitute service of that sentence").

Although the Seventh Circuit has not decided whether the common law rule should apply under any circumstances, it has provided some guidance. For example, in *Jake*, 173 F.3d at 1066, the court stated that the rule might apply when there is "malfeasance by federal authorities." In *Dunne*, 14 F.3d at 336, the court stated that "[t]he government is not permitted to play cat and mouse with the prisoner, delaying indefinitely the expiration of his debt to society and his reintegration into the free community." *But see Melody*, 863 F.2d at 504 & n.3 (concluding that rule did not apply when prisoner serves federal sentence "without interruption once it commences" and questioning whether rule could apply when the "date of incarceration [i]s delayed following sentencing").

6

*Jake* and *Dunne* seem to emphasize the equitable nature of the rule, asking whether denying a federal prisoner sentence credit would result in fundamental unfairness. In this case, principles of equity do not require a ruling in Kotlov's favor because he has not shown either that federal officials engaged in misconduct or that he was prejudiced by the delay in serving his federal sentence.

Even if I were to assume that the federal judgment of conviction had directed Kotlov's sentence to begin as soon as he completed his Texas sentence, it is undisputed that the USMS filed a detainer for Kotlov once his federal judgment of conviction was entered. Dkt. 18-4, at 3. Neither side explains why Texas sent Kotlov to Wisconsin instead of returning him to federal custody, but Kotlov cites no evidence that the USMS even *knew* what Texas had done, let alone that USMS was conspiring to delay Kotlov's federal sentence. Further, as noted above, Kotlov does not allege that any of his sentences were lengthened as a result of the delay in beginning in his federal sentence. He makes a conclusory assertion in his reply brief that he "would have been able to take care of [his] Wisconsin state matters from federal prison," Dkt. 27, at 4, but he does not cite any evidence to support that assertion or even explain what he means by it.

The bottom line is that Kotlov has failed to show he is entitled to any sentence credit under the Constitution, a federal statute, or even federal common law. Accordingly, I will deny his habeas petition, along with his subsequent request to shorten his time under federal supervision.

Before concluding, I note that, since filing his petition, Kotlov has filed new documents in which he raises a number of issues that are outside the scope of his petition. For example, he alleges that a probation officer made false statements, Dkt. 39, and he seems to challenge

the factual basis for some of his convictions, Dkt. 30. Because those issues are not related to the claim in the petition, I have not considered them.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. But "federal prisoners proceeding under § 2241 need not obtain a certificate of appealability," *Sanchez-Rengifo v. Caraway*, 798 F.3d 532, 535 n.3 (7th Cir. 2015), so I do not need to decide whether Kotlov is entitled to a certificate.

### ORDER

IT IS ORDERED that petitioner Alexander Kotlov's petition for a writ of habeas corpus under 28 U.S.C. § 2241, Dkt. 1, and his request to shorten his federal supervision, Dkt. 37, are DENIED.

Entered November 29, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge
